**COLLEN *IP***
Jeffrey A. Lindenbaum (*PHV*)
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel.: (914) 941-5668
Fax: (914) 941-6091
jlindenbaum@collenip.com

**Strachan Strachan & Simon, P.C.**
Kevin J. Simon
401 Main Street, Second Floor
P.O. Box 1800
Park City, Utah 84060-1800
435-649-4111 (O)
kevin@strachanlaw.com

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SKIPPRINT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RASTAR, INC., <br><br> Defendant. | CASE NO.: 2:13-cv-00039-DB <br><br> JURY TRIAL DEMANDED |

### DEFENDANT'S MOTION AND MEMORANDUM OF LAW TO DISMISS PLAINTIFF'S INDIRECT INFRINGEMENT CLAIMS PURSUANT TO F.R.C.P 12(b)(6)

Defendant Rastar, Inc. ("Defendant" of "Rastar"), by and through undersigned counsel, respectfully moves the Court for an Order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing Plaintiff SkipPrint, LLC's ("Plaintiff") claims of induced and contributory infringement.

1

## I. BACKGROUND

Plaintiff, a non-practicing entity (one that does not practice the patented invention, but has acquired rights to the patent solely for purposes of filing lawsuits attempting to obtain monetary awards), commenced this suit by filing a Complaint on January 16, 2013. Plaintiff subsequently filed a First Amended Complaint (the "Complaint") on March 21, 2013. Plaintiff alleges that Rastar has directly and indirectly infringed five patents for which Plaintiff is an exclusive licensee. Specifically, Plaintiff alleges direct and indirect infringement of patents 6,076,080 ("the '080 patent"), 5,666,493 ("the '493 patent"), 7,050,995 ("the '995 patent"), 7,058,596 ("the '596 patent") and 5,963,641 ("the '641 patent") (collectively referred to as "the Patents").

Patent infringement is defined by statute and can occur directly or indirectly. 35 U.S.C. § 271. For direct patent infringement, there is no requirement of knowledge or intent in the statutory definition. Indirect infringement, on the other hand, boils down to "the aiding and abetting of direct infringement by another party," and can take two forms under § 271. The first is contributory infringement, and the second is induced infringement. Although direct infringement is a strict liability violation, indirect infringement requires "at least some intent." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2065 (2011).

Rastar seeks dismissal of Plaintiff's *indirect* infringement claims because Plaintiff has failed to offer any facts which would give rise to an inference that Defendant had knowledge of the Patents or that a third party direct infringer exists. Plaintiff has also failed to set forth any facts establishing that the unidentified components Defendant has allegedly sold or offered for sale are non-staple articles of commerce with no substantial non-infringing uses. Further, Plaintiff has failed to identify specifically which of the 100 claims at issue in this case Defendant

has allegedly indirectly infringed, including which of the 100 claims have been infringed by inducement, and which by contributory infringement. Lastly, Plaintiff has failed to allege any facts which would give rise to a plausible inference that Defendant has induced others to infringe the Patents.

## II. ARGUMENT

In patent infringement suits, the sufficiency of an allegation of direct infringement is measured against Form 18 in the Appendix of Forms to the Federal Rules of Civil Procedure. *In re Bill of Lading*, 681 F.3d 1323, 1336 (Fed Cir. 2012). However, the sufficiency of an allegation of indirect infringement is considered under the stricter principles set forth by the Supreme Court in *Bell Atl. Corp. v. Twombly* and *Ashcroft v. Iqbal*. *In re Bill of Lading*, 681 F.3d at 1136-37; *Driessen v. Sony Music Entm't*, 2012 U.S. Dist. LEXIS 152822, at *13-14 (D. Utah Oct. 23, 2012) (citations omitted).

Under *Twombly*, in order to survive a motion to dismiss, a complaint must allege sufficient facts that, when taken as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requirement is met when "the plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (citing *Twombly*, 550 U.S. at 556) (emphasis added). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted).

In this case, Plaintiff has failed to plead any facts whatsoever that would allow the Court to draw a reasonable inference of indirect infringement. As a result, Plaintiff's claims of induced and contributory liability with respect to each of the Patents should be dismissed pursuant to

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

### A. **Plaintiff's Contributory Infringement Claims Must be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted**

Liability for contributory infringement pursuant to 35 U.S.C. 271(c) arises when "a party sells or offers to sell a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is **material** to practicing the invention, has *no substantial non-infringing uses*, and is *known by the party 'to be especially made* or especially adapted for use in an infringement of such patent." *In re Bill of Lading*, 681 F.3d at 1337 (quoting 37 U.S.C. § 271(c)) (emphasis added). A substantial non-infringing use is one that is "not unusual, far-fetched, illusory, impractical, occasional, aberrant or experimental." *Id.* (internal citations omitted). To adequately state a claim for contributory infringement, Plaintiff is thus required to "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses," *id*., and that the Defendant "knew that the combination for which its components were especially made was both patented and infringing." *Cross Med. Prods. v. Medtronic Sofamor Danek, Inc*., 424 F.3d 1293, 1312 (Fed. Cir. 2005) (quoting *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004)).

Plaintiff's entire allegation of contributory infringement with respect to the '080 patent is as follows:

> On information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '080 patent by contributory infringement by providing non-staple articles of commerce to others for use in an infringing system or method with knowledge of the '080 patent and knowledge that these non-staple articles of commerce are used as a material part of the claimed invention of the '080 patent.

D.E. 15 ¶ 20. The exact same wording is used in Defendant's allegations of contributory infringement with respect to patents '493, '995, '596 and '641 (with the respective patent numbers substituted in for the reference to the '080 patent). D.E. 15 ¶¶ 28, 36, 44, 52. Plaintiff offers no facts to support its bald assertion that these unidentified components are non-staple articles of commerce with no substantial non-infringing use – Plaintiff merely recites these buzz words. For example, Plaintiff does not identify what the alleged non-staple components are, nor does it allege any facts to support its assertion that such components are a material part of the infringing product of system. These allegations of contributory infringement constitute nothing more than a "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements" and are therefore insufficient. *Driessen*, 2012 U.S. Dist. LEXIS 152822, at *28 (quoting *Iqbal*, 556 U.S. at 678).

To survive a motion to dismiss, Plaintiff must set forth facts sufficient to raise a plausible inference that the "component" sold or offered for sale has no substantial non-infringing use. See *In re Bill of Lading*, 631 F.3d at 1337; *BIAX Corp. v. Motorola Solutions, Inc.*, 2012 U.S. Dist. Lexis 18546, at *8, 14-15 (D. Colo. Feb. 15, 2012) (dismissing a complaint because it lacked any non-conclusory allegations regarding defendant's alleged sale of non-staple articles of commerce).

In *Driessen*, for example, this Court dismissed the plaintiff's claim of contributory infringement because it failed to adequately plead that the components sold or offered for sale have no substantial non-infringing use. *Driessen,* 2012 U.S. Dist. LEXIS 152822, at *28. The complaint included only a "conclusory allegation that 'the retail presentation of specific online digital rights component (i.e. wherever Music Pass standard products are sold at retail) has no

substantial non-infringing uses.'" *Id*. The court rejected the sufficiency of this allegation, quoting *Iqbal* for the proposition that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Iqbal*, 556 U.S. at 678). Similarly, in *Lonestar Document Management, LLC v. Atalasoft, Inc.*, 2012 U.S. Dist. LEXIS 129979 (E.D. Tex. Sept. 11, 2012) the court dismissed a claim for contributory infringement because plaintiff had not "include[d] any discussion of other uses for [defendant]'s device" or "mention[ed] any alternative use for [defendant]'s products." *Atalasoft,* 2012 U.S. Dist. LEXIS 129979, at *9-10.

Plaintiff's claims of contributory infringement in this case are analogous to the insufficient claims in *Driessen* and *Atalasoft* because Plaintiff makes only a conclusory allegation that Defendant is providing "non-staple articles of commerce," but fails to provide any factual statement to support its recital of this legal element. As such, Plaintiff's claims of contributory infringement should be dismissed.

**B. <u>Plaintiff's Induced Infringement Claims Must be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted</u>**

Pursuant to 35 U.S.C. § 271(b), a party who "actively induces infringement of a patent shall be liable as an infringer." Such liability requires knowledge that the induced acts constitute infringement and intent to cause such infringement. *Dreissen*, 2012 U.S. Dist. LEXIS 152822, at *15 (citing *In re Bill of Lading*, 681 F.3d at 1339; *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305-6 (Fed. Cir. 2006)). To prevail on a claim of induced infringement, a plaintiff must show: (1) that the alleged inducer had knowledge of the patent; (2) that it induced others to perform all the steps of the method claimed in the patent, or, alternatively performed some of the steps claimed and induced another party or parties to perform additional steps of the claimed method;

and (3) that the cumulative effect of the steps performed resulted in actual infringement. *Dreissen*, 2012 U.S. Dist. LEXIS 152822, at *20 (citing *Akamai Techs., Inc. v. Limelight Networks, Inc*., 692 F.3d 1301, 1318 (Fed. Cir. 2012)). Therefore, in order to sufficiently plead a claim of induced infringement Plaintiff must set forth "facts plausibly showing that the [Defendant] *specifically intended* their customers to infringe the patent and knew that the customer's acts constituted infringement." *In re Bill of Lading*, 681 F.3d at 1339 (emphasis added). The complaint must also allege facts which give rise to a reasonable inference that the defendant had knowledge of the patent(s) in question. See *Dreissen*, 2012 U.S. Dist. LEXIS 152822, at *20. Without knowledge of the allegedly infringed patent(s), the requisite intent to cause infringement is lacking. See *id.* at 24.

Plaintiff equally offers no facts to indicate inducement by Defendant or knowledge that any alleged induced acts constitute infringement. Plaintiff makes a bald assertion that "Defendant had knowledge" of the Patents, but provides no facts to support that claim.[1] The Complaint offers nothing from which an inference, plausible or otherwise, could even be made regarding Rastar's knowledge of the patents. Plaintiff's entire allegation of induced infringement with respect to the '080 patent is as follows:

> On information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '080 patent by actively inducing others to cause direct infringement- specifically customers and partners of Defendant- who operate systems and methods that embody or otherwise practice one of more of the claims of the '080 patent when Defendant had knowledge of the '080 patent and knew or should have known that their actions

---

[1] In contrast, in *Dreissen* and *In re Bill of Lading* there was evidence that plaintiffs had previously sent cease and desist letters and/or otherwise informed the defendants of the existence of the patents in question. *In re Bill of Lading*, 631 F.3d at 1329; *Driessen*, 2012 U.S. Dist. LEXIS 152822, at *24-26.

> would induce direct infringement by others and intended that their actions would induce direct infringement by others.

D.E. 15 ¶19. The exact same wording is used in Defendant's allegations of induced infringement with respect to patents '493, '995, '596 and '641. D.E. 15 ¶¶ 27, 35, 43, 51 (with the respective patent numbers substituted in for the reference to the '080 patent). Similar to the allegations of contributory infringement, these allegations are fatally flawed because they constitute nothing more than a "threadbare recital[ ] of the elements of a cause of action, supported by mere conclusory statements." *Driessen,* 2012 U.S. Dist. LEXIS 152822, at \*28 (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff's claims for induced infringement fail to satisfy the requirements of *Twombly* and *Iqbal* because Plaintiff has insufficiently pled enough **factual matter** to give rise to a reasonable inference that Defendant intended to induce infringement of the Patents and possessed the requisite knowledge of the Patents. Plaintiff's mere recitation of legal elements is not enough – particularly for a claim of *indirect* infringement. See *In re Bill of Lading*, 681 F.3d at 1136-37.

> i. <u>Plaintiff's Complaint Fails to Set Forth Facts Which Give Rise to a Plausible Inference That Defendant Possessed the Requisite Knowledge and Intent</u>

"[I]nducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Driessen*, 2012 U.S. Dist. LEXIS 152822, at \*16 (quoting *DSU Med Corp.,* 471 F.3d at 1305). A court may draw a reasonable inference of such intent from Plaintiff's knowledge of the patents in question. *Id*. at \*24. Plaintiff's Complaint is therefore deficient in that it fails to allege facts which give rise to a plausible inference that Defendant possessed the requisite knowledge and intent to be liable for induced infringement. The mere inclusion of the word "knowingly" in the

allegations, without any facts indicating the actual existence of such knowledge, has already been rejected. *BIAX*, 2012 U.S. Dist. LEXIS 18546, at *13 (internal citations omitted). In *BIAX*, the Plaintiff failed to allege any facts which would give rise to a reasonable inference that Defendant possessed knowledge of the patents, which contributed to the court's ultimate decision to dismiss the claim of induced infringement. *Id*. Similarly, in *Norman IP Holdings, LLC v. Lexmark Int'l Inc*, No. 6:11 Civ. 495 (E.D. Tex. March 25, 2013), the court concluded that although the complaint alleged knowledge of the patents in question, there were no facts "in the complaint alleging whether, when, or how defendant became aware of the patents-in-suit," and therefore the pleading was insufficient.

Plaintiff's Complaint is analogous to that in *BIAX* and *Norman IP Holdings* in that it lacks any factual support for the allegations that Defendant had knowledge of the Patents. In fact, the pleading suggests just the opposite, as three of the Patents in question, the '995, '596 and '493 are directed towards managing and fulfilling customer orders in a food processing and distribution environment, which is wholly unrelated to Defendant's printing services.

Furthermore, "[i]n general, relying on the filing of a suit to show that defendant had knowledge of the existing patent is not sufficient for pleading" an indirect infringement claim. *Select Retrieval, LLC v. Bulbs.com Inc., CIV.A. 12-10389-TSH, 2012 WL 6045942 (D. Mass. Dec. 4, 2012)* (citing *Brandywine Commc'ns Technologies, LLC v. T-Mobile USA, Inc.,* 6:12-CV-272-ORL-36, 2012 U.S. Dist. LEXIS 152644, at *22 (M.D. Fla. Oct. 24, 2012); *BIAX ,* 2012 WL 502727, at *3, n. 3; *Aguirre v. Powerchute Sports, LLC,* SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011). See also *Xpoint Technologies, Inc. v. Microsoft Corp*., 730 F. Supp. 2d 349, at 357 (D. Del. 2010) (plaintiff must plead defendant knew of patent at time of alleged infringing conduct); but see *Broadcom Corp. v. Qualcomm Inc*., SACV 05 467

JVS RNBX, 2007 WL 2326838, at *3 (C.D. Cal. Aug. 10, 2007) (considering the time before and after suit was filed in calculating the whole duration of infringement)). This interpretation is consistent with the fact that induced infringement requires specific intent to bring about the infringement. See *Brandywine Commc'ns Technologies, LLC v. T-Mobile USA, Inc.*, 2012 U.S. Dist. LEXIS 152644, at *22 (M.D. Fla. Oct. 24, 2012). Therefore, if defendant did not have knowledge of the patent while engaging in the conduct which allegedly induced infringement, there could have been no specific intent.

ii. <u>Plaintiff's Complaint Fails to Set Forth Facts Which Give Rise to a Plausible Inference That Defendant Intentionally Induced Others to Infringe the Patents</u>

Even had Plaintiff properly pleaded that Defendant had knowledge of the Patents, Plaintiff's claims of induced infringement must still be dismissed because defendant failed to allege facts related to the specific intent to induce infringement; knowledge of the Patents alone is not enough. BIAX, 2012 U.S. Dist. LEXIS 18546, at 14, n.3.

To survive a motion to dismiss, Plaintiff's claim for induced infringement "must contain facts plausibly showing that [Defendant] specifically intended [its] customers to infringe the [Patents] and knew that the customer's acts constituted infringement." *In re Bill of Lading*, 631 F.3d at 1339. In *BIAX*, the court held that "plaintiff's conclusory allegations" that defendants "actively and knowingly aid[ed] and abbett[ed] others to infringe. . . without any facts in support of that allegation, is insufficient to state a viable claim for relief." *BIAX*, 2012 U.S. Dist. LEXIS 18546, at *12. In contrast, this Court in *Driessen*, found plaintiff's complaint to be sufficient because it alleged very specific facts regarding the defendant's retail presentations and press releases that would give rise to a reasonable inference that the defendant intentionally and knowingly induced infringement, and that an actual infringement had occurred. *Driessen,* 2012

U.S. Dist. LEXIS 152822, at *21-24. Similarly, in *Bill of Lading*, the plaintiff's complaints included quotes and summaries of defendants' advertising materials regarding the capabilities and functionality of their products which was sufficient to give rise to a reasonable inference that the defendants intended to induce infringement. *In re Bill of Lading*, 681 F.3d at 1341-45; See also *T5 Labs (Del.) LLC v. Gaikai Inc.*, 2013 U.S. Dist. LEXIS 49710, at *15-16 (D. Del. Apr. 5, 2013) (knowledge and the specific intent to encourage and facilitate the infringing use shown through the creation and dissemination of promotional and marketing materials, instructional materials, product manuals, and technical materials.).

In contrast to *Driessen* and *In re Bill of Lading*, Plaintiff here has pled no factual allegations which would give rise to the reasonable inference that Defendant specifically induced its customers to infringe the patent. Plaintiff has made no reference to user's manuals, advertising materials, or the like to support its allegations of induced infringement. Plaintiff's claims of induced infringement are analogous to the conclusory allegations found to be insufficient by the court in *Biax* and therefore Plaintiff's claims of induced infringement must be dismissed.

  iii. <u>Plaintiff's Complaint Fails to Set Forth Facts Which Give Rise to a Plausible Inference That A Third Party Has Directly Infringed the Patents</u>

It is well-settled that "[t]here can be no inducement or contributory infringement without an underlying act of direct infringement" by a third party. *In re Bill of Lading*, 681 F.3d at 1333. Therefore, to adequately plead a claim of indirect infringement – either induced or contributory – a plaintiff does not have to specify a particular direct infringer, but must "plead facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading*, 681 F.3d at 1336. In *Bill of Lading*, the plaintiff did not identify a specific infringer, but pled sufficient facts

11

regarding the activities which allegedly constituted infringement by the end-user to allow an inference that such a direct infringer exists. *Id*. at *25. Similarly, in *Driessen* the plaintiff pled facts regarding retailers' sales of the infringing product and the directly infringing activities of the end-user/purchaser of the product. *Driessen,* 2012 U.S. Dist. LEXIS 152822, at *21-22. In this case, Plaintiff's Complaint merely states ambiguously that "customers and partners" of Defendant are directly infringing the patents. But the Complaint does not provide any facts which would permit a reasonable inference that such infringers exist. Unlike the plaintiffs in *Driessen* and *Bill of Lading*, Plaintiff in this case does not allege any facts which would indicate that "Defendant's customers and partners" are using the allegedly infringing system, or even what the allegedly infringing system is, or even identify any purported customer or partner. Therefore, the Complaint is further deficient in that it does not plead facts sufficient to give rise to a plausible inference that there even exists a third party direct infringer.

Due to the deficiency of factual support in the Complaint, Plaintiff's claims of induced infringement must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## III. CONCLUSION

With respect to the claims of induced and contributory infringement, Plaintiff has failed to plead factual matter sufficient to satisfy the pleading standards set forth in *Iqbal* and *Twombly*. More specifically, Plaintiff has failed to set forth any facts establishing that the unidentified components Defendant has allegedly sold or offered for sale are non-staple articles of commerce with no substantial non-infringing uses. Plaintiff has also failed to allege any facts which would give rise to a plausible inference that Defendant has intentionally induced others to infringe the Patents. Lastly, Plaintiff has failed to offer any facts which would give rise to an inference that

Defendant had knowledge of the Patents or that a direct infringer exists. As a result, Plaintiff's claims of induced and contributory infringement are insufficient and should properly be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

By: _/s/ Jeffrey A. Lindenbaum_____
    Jeffrey A. Lindenbaum (*PHV*)
    COLLEN *IP*
    The Holyoke-Manhattan Building
    80 South Highland Avenue
    Ossining, New York 10562
    jlindenbaum@collenip.com
    Tel.: (914) 941-5668
    Fax: (914) 941-6091
    *Attorneys for Plaintiff*

Dated: April 19, 2013

**CERTIFICATE OF FILING AND SERVICE**

       I, Jeffrey A. Lindenbaum, hereby certify that I caused a true and correct copy of the foregoing Motion to Dismiss to be filed with the Court via its ECF System on April 19, 2013, which will send notification to all counsel of record.

       __s/ Jeffrey A. Lindenbaum___