**COLLEN *IP***
Jeffrey A. Lindenbaum (*PHV*)
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel.: (914) 941-5668
Fax: (914) 941-6091
jlindenbaum@collenip.com

**Strachan Strachan & Simon, P.C.**
Kevin J. Simon
401 Main Street, Second Floor
P.O. Box 1800
Park City, Utah 84060-1800
435-649-4111 (O)
kevin@strachanlaw.com

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SKIPPRINT, LLC,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>RASTAR, INC.,<br><br>　　　　Defendant. | **CASE NO.**: 2:13-cv-00039-DB |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S INDIRECT INFRINGEMENT CLAIMS PURSUANT TO F.R.C.P 12(b)(6)**

Plaintiff has failed to show that its Amended Complaint (hereinafter referred to as the "Complaint") alleges sufficient facts that, when taken as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] As a result, Plaintiff's claims for contributory and induced infringement of United States Patents 6,067,080 ("the '080 patent"), 5,666,493 ("the '493 patent"), 7,050,995 ("the '995 patent"), 7,058,596 ("the '596 patent"), and 5,963,641 ("the '641" patent") (collectively referred to herein as "the Patents") should be dismissed.

## I. Contributory Infringement

Plaintiff correctly cites to *In re Bill of Lading* which states that an accused infringer is liable for contributory infringement if it "sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, ***has no substantial non-infringing uses***, and is ***known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'"*** *In re Bill of Lading*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (emphasis added). In order to adequately plead a claim of contributory infringement, a plaintiff must "provide facts that allow a reasonable inference that ***all*** elements of a contributory infringement cause of action are plausible." *Pragmatus AV, LLC v. Tangome, Inc.*, 2013 U.S. Dist. LEXIS 19075, at *43 (D. Del. 2013) (emphasis added) (citing *In re Bill of Lading*, 631 F.3d at 1337).

### A. "Especially Made" or "Especially Adapted" for Use in an Infringement

The Complaint does not assert that the Defendant's allegedly infringing products and/or services are known by Defendant to be "especially made or especially adapted" for use in an

---

[1] Plaintiff does not challenge, and thereby concedes, that this is the appropriate standard by which to measure the sufficiency of a claim for indirect infringement.

infringement of the Patents.  In its Opposition Plaintiff argues that it has included such allegations in its Complaint.  DE 20 at 3 (citing DE 15 at ¶¶ 20, 28, 36, 44, and 52).  A review of the paragraphs cited by the Plaintiff reveals that no such allegation has been pleaded.  The words "especially made or especially adapted" (or their equivalent) are not found anywhere in the Complaint.  Equally absent are any pleaded facts underlying this allegation.

As such, Plaintiff's claims for contributory infringement should be dismissed.  *See PB& J Software, LLC v. Backup Agent B.V.*, 2012 U.S. Dist. LEXIS 147797, 7-8 (E.D. Mo. Oct. 15, 2012)  (dismissing contributory infringement claim because "Plaintiff also fails to plead any facts regarding how the infringing 'material or apparatus' is known by the defendant to be especially made or adopted for use in infringement of the patent").

B.  <u>Substantial Non-Infringing Uses of the Accused Products and Services</u>

To state a claim for contributory infringement, "a plaintiff must, among other things, plead *facts* that allow an inference that the components offered for sale have no substantial non-infringing uses."  *In re Bill of Lading*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (internal citations omitted) (emphasis added).  Defendant moved to dismiss this claim because Plaintiff fails to allege any facts which would give rise to an inference that the unidentified and allegedly infringing components have no substantial non-infringing use.  In its Opposition, Plaintiff fails to identify any facts in its Complaint (or otherwise) to rebut Defendant's assertion.

In facts similar to this case, one court noted that "[p]laintiff was required to sufficiently plead *facts plausibly establishing. . .* that [defendant's] video conference services and products had no substantial non-infringing use."  *Pragmatus*, 2013 U.S. Dist. LEXIS 19075 at *44 (emphasis added).  The court rejected an argument much like the one posited in the case at bar, holding "[t]he mere allegation that [defendant's] video conference services and products may be

used to infringe is not sufficient to allow a reasonable inference that, *inter alia,* these services and products have *no* substantial non-infringing uses." *Id.* (citing *Bill of Lading,* 681 F.3d at 1337-38 (disagreeing with plaintiff's argument that it sufficiently pled contributory infringement when it alleged that "as customized" the defendants' products have no substantial non-infringing use)).

Plaintiff has pled no facts as to whether the products it accused of infringement could (or could not) have substantial non-infringing uses. For this reason, the claim for contributory infringement must be dismissed.

Plaintiff argues that *Driessen v. Sony Music Entertainment* and *In Re Bill of Lading* are inapplicable because in both cases the complaints essentially included admissions that the devices in question had substantial non-infringing uses. DE 20 at 4-5. Plaintiff goes on to say that "[n]o such statements or facts are pled in this case," and presumably therefore the Motion to Dismiss should be denied. *Id*. at 5. But merely highlighting one deficiency does not cure another. Conveniently overlooked by Plaintiff is that in both *Driessen* and *In re Bill of Lading*, the court explicitly states that the relevant inquiry is whether a Plaintiff has pled sufficient facts to allow a reasonable inference that the complained of components have no substantial non-infringing use. *In re Bill of Lading*, 681 F.3d at 1337; *Driessen,* 2012 U.S. Dist. LEXIS 152822, *28 (D. Utah Oct. 23, 2012).

Lastly, Plaintiff attempts to show that Defendant has been put on fair notice of the claims by the claim charts that were provided to Defendant by Plaintiff. DE 20 at 4, n. 1. These claim charts are not included as exhibits to the Complaint, and were not even included with Plaintiff's

3

Opposition. As such, they cannot possibly cure the factual deficiencies of Plaintiff's claims.[2] *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) ("it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984)); *In re Colonial Ltd. Partnership Litig.*, 854 F. Supp. 64, 79 (D. Conn. 1994) ("Allegations made outside of the complaint are not properly before the court on a motion to dismiss").

**II.     Induced Infringement**

In its Motion to Dismiss, Defendant argues that Plaintiff's claims of induced infringement are deficient for failure to plead adequate facts which give rise to a reasonable inference that Defendant possessed the requisite knowledge that the induced acts constitute patent infringement and intentionally induced a third party to engage in infringement. Recognizing these facts have not been pled in its Complaint, Plaintiff unsuccessfully attempts to fill these holes through its opposition papers.

A. Knowledge that the Allegedly Induced Acts Constitute Infringement

Liability for induced infringement requires "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (U.S. 2011). In its Opposition, Plaintiff argues that it has alleged Defendants' knowledge of the Patents. This assertion is deficient for two reasons. First, induced infringement requires not only knowledge of the patents but knowledge that the allegedly induced acts constitute infringement. *Id*. Second, Plaintiff's allegations of knowledge are made without any factual support

---

[2] In any event, a claim chart attempts to track a patent claim against an accused device. It does not (and this case is no exception) address the existence of substantial non-infringing uses or whether a component is especially made or adapted for an infringement.

whatsoever.  Plaintiff does not allege when or how Defendant became aware of the Patents.  As such, the claims of induced infringement are deficient.

In its Opposition Plaintiff does not attempt to introduce any factual support for its allegations that Defendant had knowledge of the '080 patent, '493 patent, '995 patent, or '596 patent prior to the filing of this suit.  As for the '641 patent, Plaintiff alleges in its Opposition papers that *"it is likely"* Defendant was made aware of the '641 patent by marketing and sales literature it allegedly received from some non-party identified as Markzware, Inc. in 2007.  See DE 20 at 6, n. 2.  Of course no evidence of the purported marketing materials was included with the Complaint or even with Plaintiff's Opposition papers.

In fact, the only support Plaintiff offers for this event (which may or may not have even happened) is the declaration of Plaintiff's counsel, Mr. Joseph K. Liu.  Not only is it unclear how Mr. Liu would have personal knowledge of such information (if he does it would raise possible issues of disqualification as counsel in this case), but he even qualifies his statement by saying "*it is my understanding* that Markzware marked its marketing and sales literature with the '641 patent and that such material was sent to Rastar as early as 2007."  DE 21 ¶ 4 (emphasis added).  Notably Plaintiff does not include Markzware's purported marketing and sales literature as an attachment to the Opposition, Mr. Liu's declaration, or the Complaint.  Remarkably, Plaintiff has not even made the effort to present an affidavit from someone who might actually have knowledge of this purported fact – instead choosing to submit its counsel's mere "understanding."

In *Pragmatus,* the plaintiff similarly argued that it provided the Defendant with "notice and knowledge of its infringement at least via a notice letter sent" before the filing of the Complaint.  *Pragmatus,* 2013 U.S. Dist. LEXIS 19075 at *37.  The court properly rejected this

5

argument because "it does not allege any facts regarding the substance of this notice. The Court is left to speculate as to what it was about that notice that could have plausibly provided [defendant] with the requisite knowledge of its users' infringement." *Id.* (citing, *MONEC Holding AG v. Motorola Mobility, Inc.,* 2012 U.S. Dist. LEXIS 134844 (D. Del. 2012) (finding that lack of factual content pled regarding knowledge that induced acts constitute patent infringement warranted dismissal of inducement claim)).

The veracity (let alone, hearsay) of Counsel's arguments regarding the 2007 marketing and sales literature is in any event a moot point because Plaintiff failed to include any reference to such facts in its Complaint. As such, the Complaint itself is still deficient. *Morgan Distrib. Co., Inc. v. Unidynamic Corp*., 868 F.2d at 995 (quoting *Car Carriers, Inc.* 745 F.2d at 1107); *In re Colonial Ltd. Partnership Litig*., 854 F. Supp. at 79; *Pragmatus,* 2013 U.S. Dist. LEXIS 19075 at *37.

Plaintiff also attempts to distinguish this case from the cases cited by Defendant which have held that relying on the filing of a suit to show knowledge is not sufficient for pleading an indirect infringement claim. Plaintiff argues that it is relying on notifications sent to Defendant before the filing of the *Amended* Complaint, but simultaneous with or after the filing of the suit. DE 20 at 7-8. This argument defies logic. As Plaintiff concedes, the cases cited by Defendant hold that the filing of the suit is insufficient to provide knowledge, so naturally events occurring simultaneous with, or after the filing of the suit cannot possibly cure the deficiency.

### B. Specifically Intended & Induced Others to Infringe

Even if the Court finds Plaintiffs adequately plead knowledge that the induced acts constitute infringement, a claim for induced infringement "must contain facts plausibly showing that [Defendant] specifically intended their customers to infringe the patent and knew that the

customer's acts constituted infringement." DE 19 at 7 (quoting *In re Bill of Lading*, 631 F.3d at 1339); *See also, Pragmatus,* 2013 U.S. Dist. LEXIS 19075 at *33 ("inducement requires evidence of culpable conduct, directed to ***encouraging another's infringement***, not merely that the inducer had knowledge of the direct infringer's activities") (emphasis added).

Plaintiff does not dispute the legal requirement, but instead argues that its identification of the online products and services alleged to be infringing is sufficient. DE 20 at 5-6. However, the mere identification of the allegedly infringing products and services alone is not enough. Generally, a plaintiff must plead facts regarding advertising materials, press releases, instructional manuals and/or technical materials in order to give rise to a reasonable inference that a defendant intentionally induced infringement. *Driessen,* 2012 U.S. Dist. LEXIS 152822, at *21-24; *In re Bill of Lading*, 681 F.3d at 1341-45; See also *Pragmatus,* 2013 U.S. Dist. LEXIS 19075 at *37. Plaintiff includes no such facts in its Complaint.

In *Pragmatus,* much the same as here, the plaintiff alleged that the defendant indirectly infringed the patent by inducing others to infringe . . . including at least users of [defendant's] video conference services and products." *Pragmatus,* 2013 U.S. Dist. LEXIS 19075 at *39-40. The court dismissed the inducement claim holding:

> These allegations contain no factual assertions that go to Tango's specific intent to induce and encourage infringement—no factual allegations, for example, about the nature of the relationship between Defendant and its users, nor about how the use of Tango video conference services and products relates to the patented methods referenced in the claims of the patents-at-issue.

*Id.* at *39-40. Plaintiff similarly fails to include any allegations regarding what aspects of Defndant's "customers and parters" use of the accused products and services constitutes infringement.

Plaintiff asserts for the first time in its Opposition that the allegedly infringing products and services are accompanied with online marketing which encourage customers to operate these

7

systems in an infringing manner. DE 20 at 5-6. This argument is flawed for two reasons. First, no such assertion was made in the Complaint, and is therefore not properly considered by the Court is deciding this Motion to Dismiss. *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d at 995 (quoting *Car Carriers, Inc.* 745 F.2d at 1107); *In re Colonial Ltd. Partnership Litig.*, 854 F. Supp. at 79.

Second, the content of the websites referenced by Plaintiff (DE 20 at 5-6), even if they were to be considered by the Court, offer no suggestion that Plaintiff encouraged any third party to infringe the patents.[3] Plaintiff does not even attempt to explain how the content of these websites might lead to such a conclusion, nor does it attach images of the websites to its Opposition. Due to Plaintiff's failure to present any facts regarding Defendant's alleged intentional inducement of third-party infringers in the Complaint, and because the websites relied upon by Plaintiff in its Opposition indicate a lack of inducement, Plaintiff's claims of induced infringement should be dismissed.

### III. PLAINTIFF'S CLAIMS OF INDIRECT INFRINGEMENT SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

Plaintiff should not be granted leave to amend its Complaint because such relief would be futile. In its Opposition, Plaintiff has presented no new facts regarding the lack of substantial

---

[3] For example, Plaintiff has accused Defendant of infringing the '493, '596 and '995 Patents, which all relate to "a system for providing efficient management of customer orders in a food processing and distribution environment." Defendants are in the printing, not food business. They do not process or supply food. They also do not have or use an automated system to build a load for shipment, determine the placement of goods on the delivery truck, and/or contact a delivery company, as is claimed in each of the three aforementioned patents. Plaintiff manually packages and weighs its products and then (like many other companies) is visited by an independent shipping company, United Parcel Service (UPS), who picks it up on UPS' own schedule. They do not dictate how UPS packs or loads its own trucks. Certainly the website pages cited by Plaintiff offer no insight as to inducement of these or many of the other limitations of the asserted patents. Defendant will further highlight these and many other frivolous aspects of this lawsuit when it later moves for dismissal of the direct infringement claims and requests a finding of an exceptional case.

non-infringing uses for the unidentified and allegedly infringing components to supports its claims of contributory infringement.  Similarly, Plaintiff has offered no new facts in support of its induced infringement claims which would give rise to a plausible inference that third-party direct infringers exist.  Further, the Defendant's online marketing materials relied upon by Plaintiff to show intentional inducement show nothing of the sort.  Not only are the new facts offered by Plaintiff in its Opposition irrelevant to the instant Motion to Dismiss (*Morgan Distrib. Co., Inc. v. Unidynamic Corp*., 868 F.2d at 995 (quoting *Car Carriers, Inc.* 745 F.2d at 1107); *In re Colonial Ltd. Partnership Litig*., 854 F. Supp. at 79), but they would also be insufficient to satisfy the requirements of *Twombly* and *Iqbal* had they been included in the Complaint.

Accordingly, Defendant's Motion to Dismiss should be granted without allowing Plaintiff leave to amend.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (grounds that could justify a denial of leave to amend include undue delay and futility); *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 437-438 (6th Cir. 2008) (district court was not obligated to offer plaintiff opportunity to amend complaint before dismissing).

## IV.     CONCLUSION

Plaintiff's claims of indirect infringement consist of threadbare allegations that are insufficient to satisfy the pleading standards set forth in *Iqbal* and *Twombly*.  The scant facts Plaintiff introduces for the first time in its Opposition are insufficient to justify granting Defendant leave to amend its pleading.  Defendant's Motion to Dismiss Plaintiff's claims of contributory and induced infringement should be GRANTED without leave to amend.

Respectfully submitted,

By: /s/ Jeffrey A. Lindenbaum
    Jeffrey A. Lindenbaum (*PHV*)
    COLLEN *IP*
    The Holyoke-Manhattan Building
    80 South Highland Avenue
    Ossining, New York 10562
    jlindenbaum@collenip.com
    Tel.: (914) 941-5668
    Fax: (914) 941-6091
    jlindenbaum@collenip.com
    *Attorneys for Plaintiff*

Dated: June 3, 2013

**CERTIFICATE OF FILING AND SERVICE**

        I, Jeffrey A. Lindenbaum, hereby certify that I caused a true and correct copy of the foregoing <u>Reply in Support of Plaintiff's Motion to Dismiss</u> to be filed with the Court via its ECF System on June 3, 2013, which will send notification to all counsel of record.

        __s/ Jeffrey A. Lindenbaum___