IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SKIPPRINT, LLC<br><br>Plaintiff,<br><br><br>vs.<br><br><br>RASTAR, INC.,<br><br>Defendant, | MEMORANDUM OPINION AND ORDER<br><br><br><br><br>Case No. 2:13-cv-00039 |

This matter is before the court on defendant's motion to dismiss plaintiff's indirect infringement claims, which defendant filed on April 19, 2013. (Dkt. No. 19.) Having reviewed the memoranda submitted by the parties and the relevant law, the court issues the following memorandum opinion and order.

## BACKGROUND

Plaintiff Skipprint, LLC is an exclusive licensee of the five patents central to plaintiff's amended complaint: Patent Nos. 6,076,080 ( "the '080 patent"), 5,666,493 ("the '493 patent"), 7,050,995 ("the '995 patent"), 7,058,596 ("the '596 patent"), and 5,963,641 ("the '641 patent")(referred to collectively as "the patents-in-suit").

The '080 patent is described in a license agreement as a "Forms Order Entry System."

(Dkt. No. 15, Am. Compl., Ex. B, '080 License Agreement.) The '493, '995, and '596 patents are all described in another license agreement as "System[s] for managing customer orders and method[s] of implementation." (Am. Compl., Ex. F, '493, '995, and '596 License Agreement.) The '641 patent is described in a license agreement as a "Device and method for examining, verifying, correcting and approving electronic documents prior to printing, transmission or recording." (Am. Compl., Ex. H, '641 License Agreement.)

   While plaintiff does not practice the patented inventions, the plaintiff's licenses include, among other rights, the rights to practice, enforce, and sublicense the patents. (Am. Compl. at ¶¶7, 12, and 15.) Plaintiff alleges that defendant has infringed the '080 and '995 patents by providing defendant's "web-based online storefront system(s) to at least [its] U.S. customers over the Internet, through [its] Pre-Media Services and [its] Franchise Print solutions." (Am. Compl. at ¶¶17 and 25.) Plaintiff alleges that defendant has infringed the '596 and '493 patents by providing defendant's "web-based online ordering system(s) to at least [its] U.S. customers over the Internet, including [its] On-demand Web to Print Supply Chain Support and Franchise POP Campaign Production Management." (Am. Compl. at ¶33 and 41.) Finally, plaintiff alleges that defendant has infringed its '641 patent by providing defendant's "pre-flighting features, to at least [its] U.S. customers over the Internet, through [its] Pre-Media Services and [its] Franchise Print Solutions." (Am. Compl. at ¶49.)

   Plaintiff asserts that defendant has directly infringed the patents-in-suit.  (Am. Compl. at ¶¶18, 26, 34, 42, and 50.) Furthermore, plaintiff asserts that defendant has indirectly infringed the patents-in-suit by both induced and contributory infringement. (Id. at ¶¶19-20, 27-28, 35-36,

43-44, and 51-52.) In response, defendant has filed this motion to dismiss plaintiff's indirect

infringement claims for failure to plead sufficient factual matter under Rule 12(b)(6) of the

Federal Rules of Civil Procedure.

**DISCUSSION**

Following the United States Court of Appeals for the Federal Circuit, this court has held

that the general pleading standards of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and

Ashcroft v. Iqbal, 556 U.S. 662 (2009) apply to claims of indirect infringement in patent cases.

Driessen v. Sony Music Entertainment, 904 F. Supp. 2d 1196, 1201 (citing In re Bill of Lading,

681 F.3d 1323, 1336-37 (Fed. Cir. 2012)). Thus, in order for claims of indirect infringement to

survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a

plaintiff must plead facts that, when assumed to be true, "state a claim to relief that is plausible

on its face." Twombly, 550 U.S. at 570; see also Iqbal, 556 U.S. at 678. This requirement is met

when "the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly,

550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at

555 (stating that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations ..., a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do" (citation omitted)). "Determining whether a

complaint states a plausible claim for relief ... [is] a context-specific task," Iqbal, 556 U.S. at

3

679, in which the court "must view all reasonable inferences in the favor of the non-moving party." Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002); see also Driessen, 904 F. Supp. 2d at 1201.

Applying the standard of pleading outlined above, the court finds that plaintiff's claims of induced and contributory infringement with respect to each of the patents-in-suit should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**I. Claims of Contributory Infringement**

Liability for contributory infringement arises when a "party sells or offers to sell a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent." In re Bill of Lading, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)): see also Driessen, 904 F. Supp. 2d at 1205-06. Plaintiff's contributory infringement claims fail under the pleading standard set forth in Iqbal and Twombly because plaintiff fails to plead facts that allow an inference (1) that the components of systems or services  in question have no substantial non-infringing uses and (2) that defendant knew that the components of the systems and services were especially made or adapted for use in infringement of plaintiff's patents.

The plaintiff uses identical language to allege contributory infringement of each of the patents-in-suit. Therefore, the amended complaint's language alleging contributory infringement of the '080 patent will serve as an illustration of the allegations of contributory infringement of

4

all of the patents-in-suit. The language reads:

> On information and belief, Defendant has also indirectly infringed and continues to
> indirectly infringe the '080 patent by contributory infringement by providing non-staple
> articles of commerce to others for use in an infringing system or method with knowledge
> of the '080 patent and knowledge that these non-staple articles of commerce are used as a
> material part of the claimed invention of the '080 patent.

(Am. Compl. at ¶20.)[1]

Even when viewed  in its specific context with all reasonable inferences made in the

favor of the plaintiff, plaintiff's amended complaint fails to put forth any facts that "allow an

inference" that components of defendant's systems and services "have no substantial non-

infringing use." In re Bill of Lading, 681 F.3d at 1337. Indeed, the question of the existence of

other substantial non-infringing uses is nowhere addressed in plaintiff's complaint.

Furthermore, plaintiff fails to plead facts sufficient to allow an inference that defendant

knew that components of its systems and services were "especially made or especially adapted

for use in an infringement of [the patents-in-suit]." In re Bill of Lading, 681 F.3d at 1337.

Plaintiff's amended complaint does no more than offer conclusory statements that defendant had

"knowledge that [components of its systems and services] are used as a material part of the

claimed invention of the [patents-in-suit]." (Am. Compl. at ¶¶ 20, 28, 36, 44, and 52.) Such

conclusory statements coupled with "threadbare recitals" of the elements of contributory

infringement cannot survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure. See Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555.

In briefing subsequent to the amended complaint, plaintiff asserts that defendant had

---

[1]The identical allegations of contributory infringement of the remaining patents in suit
can be found in the Amended Complaint at ¶¶28, 36, 44, and 52.

knowledge of all the patents-in-suit before the filing and service of the amended complaint and therefore, presumably, had knowledge that components of its systems and services were specifically made or adapted for use in infringement of the patents-in-suit. (Pl.'s Opp'n to Mot. to Dismiss at 6.)  In its memorandum in opposition to defendant's motion to dismiss, plaintiff contends that defendant gained knowledge of the patents-in-suit from a number of sources, including a letter to defendant offering a license to the patents-in-suit, which accompanied service of plaintiff's original complaint, marketing and sales literature sent to the defendant prior to litigation, and claim charts and a copy of one of the patents-in-suit provided to defendant's counsel prior to the filing of the amended complaint. (Id.) However, none of these facts were alleged in the amended complaint itself. As a result, the amended complaint remains factually deficient, and cannot survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, despite plaintiff's attempt to rehabilitate it in subsequent briefing. See Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995) (stating that "[i]t is well-established ... that in determining whether to grant a motion to dismiss, the district court ... [is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint"); see also Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Therefore, plaintiff's claims regarding contributory infringement must be dismissed.

## II. Claims of Induced Infringement

35 U.S.C. § 271(b) creates infringement liability for anyone who "actively induces infringement of a patent." This court has set forth the elements of a cause of action for induced

infringement:

> Stated succinctly ... liability for induced infringement is ... premised on a showing that (1) the alleged inducer knew of the patent, (2) it induced the performance of the steps of the method claimed in the patent or, alternatively, it performed some or all but one of the steps of the method claimed in the patent and induced another party or parties ... to perform additional step(s) of the claimed method, and (3) those steps were performed such that an actual infringement occurred.

Driessen, 904 F. Supp. 2d at 1203 (citing Akamai Techs., Inc. v. Limelight Networks, Inc., 692 F.3d 1301, 1318-19 (Fed. Cir. 2012)).  Plaintiff's claims of induced infringement fail under the pleading standard set forth in Iqbal and Twombly because plaintiff's amended complaint does not contain facts sufficient to allow an inference that all of the elements of induced infringement are present in this case.

 Once again, the plaintiff uses identical language to allege induced infringement of each of the patents-in-suit. Therefore, the amended complaint's language alleging induced infringement of the '080 patent will serve as an illustration of the allegations of induced infringement of all of the patents-in-suit. The language reads:

> On information and belief, Defendant has also indirectly infringed and continues to indirectly infringe the '080 patent by actively inducing others to cause direct infringement—specifically, customers and partners of Defendant—who operate systems and methods that embody or otherwise practice one or more claims of the '080 patent when Defendant had knowledge of the '080 patent and knew or should have known that their actions would induce direct infringement by others and intended that their actions would induce direct infringement by others.

(Am. Compl. at ¶19.)[2]

Even when making all plausible inferences in favor of the plaintiff and viewing the

---

[2]The identical allegations of contributory infringement of the remaining patents in suit can be found in the Amended Complaint at ¶¶27, 35, 43, and 51.)

amended complaint in its context, plaintiff's amended complaint fails to offer facts to allow an inference that defendant had knowledge of the patents-in-suit, that defendant induced infringement of the patents-in-suit, and that actual infringement occurred.

First, plaintiffs conclusory assertion that defendant had knowledge of the patents-in-suit is not supported by sufficient facts to withstand a motion to dismiss. Indeed, the amended complaint contains nothing from which an inference could be made that defendant had knowledge of the patents. Instead, plaintiff offers only conclusory statements of defendant's knowledge of the patents-in-suit as part of its recital of the elements of induced infringement. Such pleadings are insufficient to survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff asserts that it sufficiently pled facts supporting its assertion of defendant's knowledge of the patents-in-suit, referring to the marketing and sales literature, the original complaint with the accompanying letter to the defendant offering license to the patents-in-suit, and the various claim charts and copy of one of the patents-in-suit invoked in its memorandum in opposition to defendant's motion to dismiss. (Pl.'s Opp'n to Mot. to Dismiss at 6.) However, as discussed above, no reference to any of these materials appeared in the amended complaint. Because these facts and references do not appear in the amended complaint itself, they are unable to support the amended complaint's otherwise conclusory assertion that defendant had knowledge of the patents-in-suit. See Jojola, 55 F.3d at 49; see also Car Carriers, Inc., 745 F.2d at 1107. Therefore, plaintiff's amended complaint fails to plead facts sufficient to allow an inference that plaintiff had the requisite knowledge of the patents-in-suit.

Second, plaintiff has failed to plead facts sufficient to show that defendant "induced the performance of the steps of the method claimed in the patent" or that the "defendant performed some or all but one of the steps of the method claimed in the patent and induced another party or parties ... to perform additional step(s) of the claimed method." Driessen, 904 F. Supp. 2d at 1203. The Federal Circuit requires that a defendant commit such inducement with the specific intention that its customers infringe the patents-in-suit and with knowledge that its customers' actions constitute infringement. In re Bill of Lading, 631 F.3d at 1339 (stating that in order for a complaint to survive a motion to dismiss, it "must contain facts plausibly showing that [defendant] specifically intended [its] customers to infringe the ... patent and knew that the customer's acts constituted infringement").

Plaintiff has provided no factual allegations in its amended complaint which could give rise to a reasonable inference that defendant specifically and intentionally induced its customers to infringe the patents-in-suit. In briefing subsequent to the amended complaint, plaintiff argues that defendant's infringing systems and services are "accompanied with online marketing, encouraging its customers to operate these systems and services in an infringing manner." (Pl.'s Opp'n to Mot. to Dismiss at 5-6.) Plaintiff also provides citations to various URL web addresses to support this assertion of intentional inducement. (Id.) However, once again, these facts and arguments in support of otherwise conclusory allegations that defendant specifically and intentionally induced its customers to infringe the patents-in-suit are untimely, and therefore cannot rehabilitate the factual deficiency in the amended complaint. See Jojola, 55 F.3d at 49; see also Car Carriers, Inc., 745 F.2d at 1107. Therefore, plaintiff's amended complaint fails to

plead facts sufficient to allow an inference that the defendant specifically and intentionally induced its customers to infringe the patents-in-suit.

Finally, plaintiff's amended complaint does not include facts sufficient to allow an inference that "actual infringement occurred" as a result of defendants alleged inducement. Driessen, 904 F. Supp. 2d at 1203. "It is axiomatic that '[t]here can be no inducement or contributory infringement without an underlying act of direct infringement.'" In re Bill of Lading, 681 F.3d 1333 (citations omitted). Here again, plaintiff's amended complaint offers only conclusory statements that defendant is "actively inducing others to cause direct infringment—specifically, customers and partners of Defendant—who operate systems and methods that embody or otherwise practice one or more claims of the [patents-in-suit]." (Am. Compl. at ¶¶19, 27, 35, 43, and 51.) Plaintiff offers no further facts to support its assertion that actual infringement has occurred. Rather, plaintiff again offers conclusory statements in its "threadbare recital" of the elements of induced infringement. Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555.

Because plaintiff's amended complaint fails to include sufficient facts to support its claims of induced infringement under the pleading standard set forth in Iqbal and Twombly, plaintiff's claims for induced infringement must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's indirect infringement claims is GRANTED. Accordingly, the claims for contributory and induced infringement within

Counts I-V of plaintiff's amended complaint are DISMISSED without prejudice.


IT IS SO ORDERED




DATED this 16th day of August, 2013.

_____

Dee Benson

United States District Judge